[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 2238
The plaintiff wife, whose maiden name was Kachur, and the defendant husband were married on May 17, 1973 in Rowayton, Connecticut. Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Two children were born to the wife, both issue, one of which is still a minor, to wit: Elizabeth Bruestle, born April 24, 1977.
From the evidence presented, the court finds that the marriage has broken down irretrievably and that there is no prospect for any reconciliation. A decree of dissolution is entered.
This is a marriage of twenty and one-half (20-1/2) years which unfortunately has been marred periodically by the husband's abuse of alcohol. He freely admitted that he has been more responsible for the breakdown of the marriage than the wife. The court finds that the wife has also contributed the breakdown of the marriage by her adulterous conduct. Although this occurred late in the marriage, nonetheless, the wife is not entirely blameless. On balance, however, the major cause of the breakdown lies in the behavior of the husband, which included periods of excessive gambling.
In spite of their difficulties, there were years of rather "high living." Both parties worked and money was also realized from inflated real estate. By the remortgaging of real estate, monies were made available for investment, albeit disastrous. The $40,000 invested by the husband in a boat business was quickly lost.
The plaintiff urges that the court hold him totally accountable for the loss, and yet suggests to the court that she participate in most of the assets. The court is not convinced that the husband should have to absorb the business loss entirely. Although, he admittedly had no experience in the boat business, the court is hard pressed to find that the investment was so negligent that the husband should be made solely accountable. Surely, the real estate investments were profitable, and the wife expects to receive some of the CT Page 2239 benefits from those purchases and sales.
Both of the parties are in good health and both are high school graduates. To her credit, the wife has worked throughout most of the marriage, and also has been the primary caretaker for the two children. She now reports a gross income of $680 per week. This is considerably less than the average during the past eight or nine months where her income has averaged out to $900 per week because of considerable overtime. The wife now claims that she is receiving no overtime because she has returned to school to receive accreditation as a registered nurse. The court is equally concerned about the real change in the wife's reported deductions. The deferred compensation deduction has recently been raised from $25 per week to $144. Also, items such as credit union deductions and home/auto insurance should properly be listed as itemized expenses rather than deductions. Such reporting, although certainly not illegal, causes somewhat of a cloud on the plaintiff's intent and purpose of listing them as deductions rather than itemized expenses.
For purposes of this decision, the court finds that the gross earnings of the plaintiff are $680, and the net is more properly reportable as $425.
The husband shows earnings at this time from his principal employment of $325 per week gross plus. He also reports income from snow plowing of approximately $90 per week gross and monthly rental income of $725 per month gross.
The court need not recite in detail all of the evidence presented. Suffice it to say, the court has carefully considered all of the evidence in light of the statutory criteria of Connecticut General Statutes, Secs. 46b-81, 46b-82, and 46b-84 and orders as follows:
1. Joint custody of the minor child with physical residence with the father. Mother is granted reasonable and flexible rights of visitation.
Given the circumstances of this case, the court does not feel that a parenting order is necessary.
2. The wife shall pay child support to the husband in CT Page 2240 the amount of $75 per week. The court finds that the guidelines are inapplicable in this case given the anticipated exercise of visitation which renders the arrangement almost akin to a "shared custody" situation.
3. No alimony is awarded to either party. The court is aware of a disparity in income, however, it feels that the husband has greater capacity to earn than is presently shown and that under all of the circumstances alimony should not be granted.
4. The wife shall transfer all of her right, title and interest in the marital home to the husband. He shall execute and deliver to the wife a mortgage deed and note in the amount of $50,000, which mortgage shall be paid upon the happening of the first of the following events:
(a) death of the husband;
(b) remarriage by the husband;
(c) cohabitation by the husband;
(d) March 1, 1997.
The husband shall have sole and exclusive possession of said premises and shall hold the wife harmless from any claims made by any creditors having a current lien on said premises and for the payment of any real estate taxes and insurance.
5. The husband shall retain all of his snow plowing equipment, and the balance of the personal property is ordered divided in accordance with the stipulation of the parties.
6. The wife shall maintain medical and dental insurance for the minor child as available through her employment. All unreimbursed medical and dental payments shall be divided equally between the parties. The provisions of Connecticut General Statutes, Sec. 46b-84c shall apply.
7. The obligation to the IRS shall be equally divided. The Sears bill shall be paid by the husband, and the VISA and CNB liabilities shall be equally divided.
In all other respects, each of the parties shall be CT Page 2241 responsible for their own liabilities, costs and attorney's fees.
8. Each shall be entitled to keep his or her own motor vehicle, bank account and retirement account.
9. The court is aware of the fact that the husband does not have any retirement account, however, given all of the circumstances of this case, and in view of the distribution of assets, it will not order an assignment of any portion of the wife's retirement account.
Mihalakos, J.